U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 5 2014
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AUNTRELL BROOKS, | § |
| Petitioner, | § |
| VS. | § NO. 4:14-CV-875-A |
| RODNEY CHANDLER, WARDEN, | § |
| Respondent. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the petition of Auntrell Brooks for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rodney Chandler, Warden at FCI-Fort Worth, is named as respondent. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having now considered the petition and the applicable legal authorities, the court concludes that it appears from the face of the petition that petitioner is entitled to no relief.

I.

Analysis

A.  Failure to Exhaust Administrative Remedies

Much of the petition appears to be a boilerplate form that devotes several pages to a general discussion of the Second

Chance Act, 18 U.S.C. § 3624(c), but appears to contain few factual allegations pertinent to petitioner. Petitioner asks the court to order respondent to immediately consider him for placement in a residential reentry center so he may be eligible for the full twelve months' placement allowed by the Second Chance Act.

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The Bureau of Prisons has established a three-tiered Administrative Remedy Program ("Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. Rourke, 11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, he or she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.13-.15. The final appeal is to the Bureau of Prisons's

Office of General Counsel, "within 30 calendar days of the date the Regional Director signed the response." Id. at 542.15(a).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (internal citations omitted). Exceptions may be made to the exhaustion requirement only in "extraordinary circumstances," which the petitioner bears the burden to establish. Id.

Here, petitioner asks that he be excused from exhausting administrative remedies due to futility. According to petitioner, the director of the Bureau of Prisons, Harley Lappin ("Lappin"), "has taken a strong position on the issue [of allowing prisoners more than six months in a residential reentry center] and has thus far been unwilling to reconsider." Pet. at 11. Petitioner cites no facts to support this statement, and the cases cited in support predate, and are unrelated to, the Second Chance Act. See, e.g., McKart v. United States, 395 U.S. 185 (1969) (discussion of exhaustion requirement in context of appeal of Selective Service classification); Aron v. LaManna, 4 F. App'x 232 (6th Cir. Feb. 6, 2001) (requiring exhaustion of administrative remedies before prisoner brought petition under 28

3

U.S.C. § 2241 to recover good-time credits); <u>Gutierrez v. United States</u>, No. 03-CV-1232(FB), 2003 WL 21521759 (E.D.N.Y. July 3, 2003) (requiring prisoner to exhaust administrative remedies).

Petitioner indicated that his projected release date is May 22, 2016. Ample time remains for petitioner to engage in the administrative remedy process. Although petitioner obviously believes the Bureau of Prisons will deny his request, he has offered no factual basis in the petition to support that belief. While exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 494-95 (1973). If the Bureau of Prisons has failed in some way to correctly evaluate petitioner for placement in a residential reentry center, it should be afforded the opportunity to rectify the error. <u>See</u> <u>Smith v. Thompson</u>, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

Petitioner gave no indication in the petition that he has even attempted to begin the administrative remedy process, and he has presented nothing, other than speculation, to support his contention that he should be excused from exhausting those remedies. Petitioner has provided nothing to show the type of extraordinary circumstances needed to justify failure to exhaust

4

administrative remedies, and dismissal is warranted on that basis. See Rivkin v. Tamez, 351 F. App'x 876, 877-78 (5th Cir. 2009)[1] (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies).

B. The Petition Fails on the Merits

Even if the court were to excuse petitioner's failure to exhaust administrative remedies, the petition would still fail on the merits.

The Second Chance Act of 2007 amended 18 U.S.C. § 3624(c) to increase possible placement in a residential reentry center to a period of no more than twelve months prior to the prisoner's projected release date. The amendment also requires the Bureau of Prisons to assess prisoners for placement on an individual basis consistent with the five factors set forth in 18 U.S.C. § 3621(b). The duration of residential reentry placement "is a matter as to which the [Bureau of Prisons] retains discretionary authority," and "nothing in the Second Chance Act or § 3621(b) entitles [petitioner] or any other prisoner to guaranteed placement in a residential reentry center." Creager v. Chapman,

---

[1] The court recognizes that this unpublished opinion is not binding precedent. Nevertheless, the court finds its holding instructive in the instant action.

No. 4:09-CV-713-A, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (alterations in original) (citing various cases).

The petition appears to be primarily comprised of lengthy recitations to program statements issued by the Bureau of Prisons and other background information pertaining to the Second Chance Act, and includes broad allegations that the Bureau of Prisons generally does not properly implement the Second Chance Act. Absent from the petition, however, are any facts to show how, or if, such violations have affected petitioner, nor does petitioner even allege the Bureau of Prisons has failed or refused to evaluate him for placement in a residential reentry center, or that he received an assessment with which he is dissatisfied. Accordingly, the court finds nothing in the petition as would entitle petitioner to relief.

## II.

### Order

Therefore,

The court ORDERS that the petition of Auntrell Brooks for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, dismissed.

SIGNED November 5, 2014.

_____
JOHN McBRYDE
United States District Judge